UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MEDICINE, P.C.,

    Plaintiff,

Case No. 96-72624

Honorable John Corbett O'Meara

v.

HORIZON/CMS HEALTHCARE CORP.,

    Defendant.
    _____/

## OPINION AND ORDER

This matter came before the court on defendant Horizon's motion for clarification, HealthSouth Corporation's motion to intervene and motion to dismiss, and plaintiff General Medicine's motion to enforce the settlement agreement. Responses and replies were filed. Pursuant to Local Rule 7.1.(e)(2), no oral argument was heard.

## BACKGROUND FACTS

This court issued an order May 21, 2009, granting non-party HealthSouth's motion to set aside a $376 million consent judgment stipulated to by plaintiff General Medicine and defendant Horizon. The order further provided that "General Medicine and Horizon will consult each other and this court's case manager to determine what further proceedings are appropriate." May 21, 2009 Order at 10. In response to that invitation, both General Medicine and Horizon filed the instant motions, as did interested party HealthSouth.

Plaintiff General Medicine's motion to enforce the settlement agreement requests this court to "permit General Medicine to obtain entry of a judgment in its favor against Horizon in an amount to be established by further proceedings to be conducted by this Court." Plaintiff's mot. br. at 16.

Defendant Horizon's motion for clarification requests that the court "instruct the parties that Horizon has fully performed under the terms of the Settlement Agreement . . . and that no further action by Horizon, including the execution of another consent judgment, is required under the Settlement Agreement." Defendant's mot. at 4.

The April 21, 2004 Settlement Agreement entered into by General Medicine and Horizon (and Horizon's parent company Meadowbrook Healthcare, Inc.) in this case provides the following:

> With the exception of paragraphs 3, 4, and 8[,] the provisions of the Agreement are severable[;] and if any part of the Agreement, other than paragraphs 3, 4, and 8 are found to be null, void or inoperative by a court of competent jurisdiction, the other provisions or portions of this Agreement shall remain fully valid and enforceable.

Plaintiff's Ex. G at ¶ 20.

The $376 million consent judgment, which this court set aside in its May 21, 2009 order, was contained in paragraph 2 of the Settlement Agreement. According to the express terms of the Agreement, if the consent judgment (contained in paragraph 2) was "found to be null, void or inoperative by a court of competent jurisdiction," the other provisions of the Agreement, including the $300,000 settlement of all claims against Horizon, "shall remain fully valid and enforceable."

There is no dispute between the parties that Horizon has paid General Medicine the agreed upon $300,000. No further action by Horizon--particularly the execution of another consent judgment, which would meet the same fate as the first one that was executed by these parties--is required under the parties' Settlement Agreement. Moreover, this court need not conduct any "further proceedings" in order to "permit General Medicine to obtain entry of a judgment in its favor against Horizon" because the Settlement Agreement specifies that "Gen Med and Horizon desire to settle and compromise all claims in the Lawsuit . . . in order to avoid the time, expense, and uncertainty of litigation." Settlement Agreement preamble. The Agreement also expressly

2

"resolve[s] all matters that were or could have been asserted by General Medicine against Horizon and Meadowbrook in [this case]." Agreement at ¶ 1.

Therefore, having invited the parties to discuss whether any further issues remain to be resolved in this matter, and the parties having filed the instant motions, the court finds that Horizon has fully performed under the terms of the Settlement Agreement and no further action is required. As a result, the court will deny as moot HealthSouth's motion to intervene and motion to dismiss.

**ORDER**

It is hereby **ORDERED** that defendant Horizon's Amended Motion for Clarification is **GRANTED,** and the issues in this matter are resolved.

It is further **ORDERED** that plaintiff General Medicine's Motion to Enforce the Settlement Agreement is **DENIED.**

It is further **ORDERED** that HealthSouth's motion to intervene and motion to dismiss are **DENIED AS MOOT.**

s/John Corbett O'Meara
United States District Judge

Date: February 25, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 25, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager